OVERTON, Justice.
This is a petition to review Board of Trustees of the Internal Improvement Trust Fund v. Sand Key Associates, Ltd., 489 So.2d 34 (Fla. 2d DCA 1986) (Sand Key II), which is a continuation of a suit to quiet title by Sand Key & Associates previously before this Court. The factual circumstances are set forth in the Second District’s prior decision in Sand Key Associates, Ltd., v. Board of Trustees of the Internal Improvement Trust Fund, 458 So.2d 369 (Fla. 2d DCA 1984) (Sand Key I), and our opinion approving that decision, Board of Trustees of the Internal Improvement Trust Fund v. Sand Key Associates, Ltd., No. 66,372 (Fla. Jul. 9, 1987). In approving the district court decision in Sand Key I, we held that section 161.051, Florida Statutes (1981), did not entitle the state to claim title to accreted land of an upland owner who did not participate in an improvement that caused the accretion; we concluded the upland owner was entitled to the accretions. We also noted our holding was consistent with the common law rule concerning this type of accretion, irrespective of the statute.
Because of the unusual procedural posture of this case, the district court considered, in a separate proceeding, the second count of the claim of Sand Key that has resulted in the district court decision now before this Court. The second count was based on the theory that federal law controls the situation and the district court agreed, holding: “Where title to oceanfront property is derived from a federal patent, federal law determines the extent of that title including title to all future accretions and all such accretions belong to the littoral landowner.” 489 So.2d at 36. After so holding, the district court certified the following question:
Does the answer to the question posed in Sand Key Associates, Ltd. v. Board of Trustees of the Internal Improvement Trust Fund, 458 So.2d 369 (Fla. 2d DCA 1984), depend upon whether the title of any upland owner is traceable to a federal patent?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Our holding in Sand Key I is consistent with federal law in these circumstances, and, consequently, we find no need to address whether federal law controls in this situation. Our answer in Sand Key I has rendered moot the question posed in Sand Key II. Accordingly, we decline to answer the question and dismiss this petition for review.
It is so ordered.
MCDONALD, C.J., SHAW and BARKETT, JJ., and ADKINS, J. (Retired), concur.
EHRLICH, J., dissents.